# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| JAMES CHOATE,<br>    Plaintiff,<br><br>V.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br>    Defendant. | CIVIL ACTION NO. 5:13-CV-221-KKC<br><br><u>**OPINION AND ORDER**</u> |

The plaintiff James Choate brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision denying his claim for Disability Insurance Benefits and Supplemental Security Income. The Court, having reviewed the record, will affirm the Commissioner's decision.

## FACTUAL AND PROCEDURAL BACKGROUND

An Administrative Law Judge ("ALJ") denied Choate's application for disability insurance benefits and for supplemental security income. (Administrative Record ("AR") at 166). Choate now asks this Court to review that decision. This Court's review of the Commissioner's decision is limited to determining whether it "is supported by substantial evidence and was made pursuant to proper legal standards." *Rabbers v. Comm'r Soc. Sec.*, 582 F.3d 647, 651 (6th Cir.2009).

In determining whether a claimant has a compensable disability under the Social Security Act (the "Act"), the relevant regulations provide a five-step sequential process which the ALJ must follow. 20 C.F.R. § 404.1520(a)-(e); *see Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997). The five steps, in summary, are as follows:

  (1) If the claimant is currently engaged in substantial gainful activity, he is not disabled. If he is not engaged in such activity, then the ALJ must proceed to step two.

(2) If the claimant's impairment or combination of impairments is not "severe," meaning the impairment(s) significantly limit his physical or mental ability to do basic work activities, he is not disabled. If the claimant's impairments are severe, then the ALJ must proceed to step three.

(3) If the claimant has a severe impairment or combination of impairments that meets or equal(s) in severity an impairment listed in 20 C.F.R. 404, Subpart P, Appendix 1 (the Listing of Impairments), he is disabled. If not, then the ALJ must proceed to step four.

(4) If the claimant's impairment does not prevent him from doing past relevant work, he is not disabled. If it does, then the ALJ must proceed to step five.

(5) If other work exists in the national economy that accommodates the claimant's residual functional capacity and vocational factors (age, education, skills, etc.), he is not disabled.

*Id*.

In this case, the ALJ began his analysis at step one by determining that the claimant has not engaged in substantial gainful activity since May 15, 2010, the alleged onset date. (AR at 16). At step two, the ALJ determined that Choate suffers from the following severe impairments: bilateral AC degenerative joint disease; bilateral impingement syndrome; and hypertension. (AR at 16). At step three, the ALJ found the claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR at 19).

The ALJ determined that Choate has the residual functional capacity to perform "medium" work as defined by 20 C.F.R. §§ 404.1567(c) and 416.967(c). The ALJ further determined that Choate could frequently perform reaching overhead bilaterally and reach out and that he could also frequently perform "handling." (AR at 19.)

At step four, the ALJ found that Choate was unable to perform any of his past relevant work as a lawn mower and weeder, printing press mechanic, material handler, forklift operator, or warehouse worker. (AR at 22-23.)

At step five, the ALJ determined that, given the described residual functional capacity, Choate could perform jobs that exist in significant numbers in the national economy and, thus, that he was not disabled. (AR at 23-24.)

**ANALYSIS**

Choate argues that the ALJ erred in determining his residual functional capacity because the ALJ relied on a non-examining physician's opinion and discounted the opinion of Dr. Bruce Guberman who did examine Choate.

Choate testified that he separated his left shoulder when he was in the military and complained of a sharp pain in his shoulders and neck. (AR at 20). Choate testified that he could not reach far in front of him and could not reach overhead without pain. (AR at 20.)

In his opinion dated December 29, 2011, Dr. Gruberman opined that Choate had "severe limitations in his ability to perform work-related activities." (AR at 572.) Dr. Gruberman found that Choate could lift and/or carry less than 10 pounds; stand and/or walk at least two hours in an 8-hour workday; sit about six hours in an 8-hour workday but must periodically alternate sitting and standing to relieve pain or discomfort. Dr. Gruberman also opined that Choate was limited in pushing and/or pulling in the upper and lower extremities; could never climb ladders, ropes or scaffolds or balance; could never reach; could occasionally handle, finger and feel; and could have no exposure to hazards and must avoid exposure to temperature extremes, dust, vibration, humidity, wetness, fumes, odors, chemicals, and gases.

The ALJ did not accept Dr. Gruberman's opinion. The ALJ instead based his residual-functional-capacity finding on the February 21, 2011 state agency medical opinion with some modifications for reaching and handling limitations. (AR at 22.) The state agency physician, Dr. Carlo Hernandez, opined that Choate does not have any exertional, postural, or environmental limitations. Dr. Hernandez also opined that Choate could not perform more than frequent overhead lifting in the right upper extremity. (AR at 94-95.) Dr. Hernandez noted that Choate had some "decreased abduction of his right shoulder but no other limitations mentioned." (AR at 95.) Dr. Hernandez also noted that the x-ray of Hernandez's shoulder was normal. He recognized that Choate alleged pain in raising his hands above his shoulders but determined that this allegation was "partially credible." (AR at 95.)

There are three types of medical sources for purposes of social security proceedings: nonexamining sources, nontreating-but-examining sources, and treating sources. *See Ealy v. Comm'r of Social Security*, 594 F.3d 504, 514 (6th Cir. 2010). The ALJ should give the most weight to the opinions from treating sources. *Id*.

Likewise, the ALJ should generally give more weight to the "opinion of a source who has examined [the claimant] than to the opinion of a source who has not examined [the claimant].'" *Brooks v. Comm'r of Soc. Sec.*, 531 F. App'x 636, 642 (6th Cir. 2013) (quoting 20 C.F.R. § 404.1527(c)(1)). But "[i]n appropriate circumstances, opinions from State agency medical and psychological consultants ... may be entitled to greater weight than the opinions of treating or examining sources." SSR 96–6p, 1996 WL 374180, at *3.

Because the ALJ should generally give the most deference to a treating source's opinion, he must give "give good reasons" when he declines to do so. *Smith v. Comm'r of Social Sec.*, 482 F.3d 873, 875 (6th Cir. 2007). The same requirement does not apply when the ALJ declines to give a non-examining source's opinion greater weight than an examining source. *Id*. at 876.

4

In determining how much weight to give a medical opinion, the ALJ should consider "the length and nature of the treatment relationship, the evidence that the physician offered in support of her opinion, how consistent the opinion is with the record as a whole, and whether the physician was practicing her specialty." *Ealy*, 594 F.3d at 514.

In rejecting Dr. Gruberman's opinion, the ALJ considered the appropriate factors. He looked at the medical evidence in the record as a whole and determined that Dr. Gruberman's findings were inconsistent with it. Further, he determined Dr. Gruberman's opinion was excessively based on Choate's subjective symptoms and statements. The ALJ noted that Dr. Gruberman's opinion "seems to be solely based on the claimant's statements, as it does not appear he reviewed any medical records." (AR at 22.) The ALJ further determined that the Dr. Gruberman's opinion was "out of line with the claimant's treatment." Choate does not dispute any of these findings.

The ALJ's decision to discount Dr. Gruberman's opinion is supported by substantial evidence. The ALJ noted that Choate established care at the Veterans Administration Medical Center in 2009. In May 21, 2010, Choate's physical examination was normal and, in November 2010, x-rays of his right shoulder were normal. In January and October 2011, a review of his systems was negative for arthritis, joint pain, aches, coldness, loss of strength. (AR at 21, 379, 427.) As the ALJ noted, on October 26, 2011, Choate reported to his physician that he was doing better.

Choate argues that the ALJ erred in relying on Dr. Hernandez's opinion because, at the time of the opinion, Choate had not yet been diagnosed with "probable" benign essential tremor in his hands and was not yet taking medication for anxiety. Dr. Hernandez may not have been able to consider these conditions in forming his opinion, but the ALJ considered both conditions.

As the ALJ noted, in December 2011, Dr. Gruberman found the tremors caused only "mild" interference of manipulative activities. (AR at 572.)

5

As to Choate's anxiety, the ALJ determined that this condition did not cause "more than minimal limitation" in Choate's ability to perform basic mental work activities. This determination is supported by substantial evidence in the record. The ALJ noted that Choate has no problems getting along with family, friends, neighbors, authority figures, or others. He is able to drive a car, pay bills, count change, handle a savings account, and use a checkbook. He finishes what he starts and can follow written and spoken instructions. (AR at 18.)

Because the ALJ considered the medical evidence in the record regarding Choate's anxiety and tremor conditions, it was not error for him to rely on Dr. Hernadez's opinion even though Dr. Hernandez was unable to consider those conditions.

For all these reasons, **IT IS HEREBY ORDERED** that:

1. The plaintiff's motion for summary judgment (DE 10) is **DENIED**;

2. The defendant's motion for summary judgment (DE 11) is **GRANTED**;

3. The decision of the Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g) as it was supported by substantial evidence and was decided by proper legal standards; and

4. A judgment will be entered contemporaneously with this order.

Dated August 20, 2014.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY